UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANA FULLER, )<br>)<br>Petitioner, )<br>v. )<br>)<br>ALAN FINNAN, )<br>)<br>Respondent. ) | No. 1:10-cv-969-WTL-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition for writ of habeas corpus of Dana Fuller.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Fuller is confined at an Indiana prison, and seeks review of and relief from the sanctions imposed in the prison disciplinary proceeding he challenges, No. ISR 10-05-237. Those sanctions, however, consisted solely of a period of telephone and commissary restrictions. In seeking a writ of habeas corpus, Fuller has sought relief which is outside the scope of that writ.

> "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ [42 U.S.C.] § 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all, which under *Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano,* 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon."

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). The sanctions Fuller suffered as a result of the finding in No. ISR 10-05-237 did not result in the imposition of custody. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Because Fuller's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/02/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana